UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Anderson,

    Plaintiff,

vs                                                 Case No: 06-12717
                                                 Honorable Victoria A. Roberts

Commissioner of Social Security,

    Defendant.
_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary Judgment. Magistrate Judge Virginia M. Morgan recommends that the Court **GRANT** Defendant's motion (Doc. #9) and **DENY** Plaintiff's motion (Doc. #8). The Court **ADOPTS** the Magistrate's recommendation (Doc. #10).

**II.    PROCEDURAL HISTORY AND FACTS**

Magistrate Morgan adequately summarizes the relevant facts and procedural history and it is incorporated herein.

**III.    STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the Commissioner for a determination of whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v Zebley*, 493 U.S. 521 (1990); *Bowen v Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine

1

whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). This standard presupposes that there is a "zone of choice" within which the Administrative Law Judge (ALJ) may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, nor make credibility determinations. *Id.*

## IV.   ARGUMENTS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; and 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

a. **Plaintiff's Claim**

Plaintiff Gregory Anderson is 46 years old and he seeks disability benefits from August 6, 2003, claiming disability due to paranoid schizophrenia. Plaintiff has a ninth grade education and no past relevant work experience. He was incarcerated from 1991 through July 1, 2003.

Shortly after his release from prison through July 2004, Plaintiff underwent mental health evaluations and treated for schizophrenia. Plaintiff reported hallucinations, that he hears voices, and paranoia. Except for one visit in April 2004, Plaintiff reported to his treating doctors between July 2003 and July 2004 that his symptoms improved or were stabilized with medication. In April 2004, Plaintiff said his medications no longer controlled his symptoms. So, Plaintiff's medications were changed, and in July 2004 Plaintiff reported that he was not hearing voices.

Plaintiff's Supplemental Security Income ("SSI") application was denied initially, and again by the Administrative Law Judge ("ALJ") following a hearing. The ALJ determined that Plaintiff suffers from a severe impairment--schizophrenia. However, the

3

ALJ found that Plaintiff failed to establish the third factor of his claim--that the impairment met or was medically equal to Listing 12.03, which governs schizophrenia.

Listing 12.03 has three parts, A through C. An applicant's impairment is deemed to have the requisite level of severity if the applicant either meets the requirements of parts A and B, or the requirements of part C:

> 12.03 Schizophrenic, Paranoid and Other Psychotic Disorders: Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> **A. Medically documented persistence, either continuous or intermittent, of one or more of the following:**
>
> 1. Delusions or hallucinations; or
> 2. Catatonic or other grossly disorganized behavior; or
> 3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:
>
>    a. Blunt affect; or
>    b. Flat affect; or
>    c. Inappropriate affect;
>
> Or
>
> 4. Emotional withdrawal and/or isolation;
>
> And
>
> **B. Resulting in at least two of the following:**
>
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration;

> Or
>
> **C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:**
>
> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1 (emphasis added).

The ALJ found that Plaintiff failed to meet the requirements of Parts B or C. For the Part B criteria, the ALJ determined that Plaintiff only showed that he suffers mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate deficiencies of concentration, persistence or pace, and that there were no episodes of decompensation of extended duration. With respect to the Part C criteria, the ALJ stated that none of the criteria was met. The ALJ further found that Plaintiff had the residual functional capacity to perform a range of light work and that there are a significant number of jobs in the regional economy which Plaintiff can perform.

The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review. Plaintiff filed this action to challenge the ALJ's ruling. In his motion for summary judgment, Plaintiff argues that the ALJ only performed a cursory analysis

5

of whether he met the Part C criteria by simply stating that "the criteria contained in Part C of the functional evaluation for mental impairments are not satisfied in this matter." (Tr. at p. 14). Plaintiff asserts in his motion for summary judgment that "[t]his wholly inadequate reference to the Part C criteria violates the Defendant's obligation to provide a rationale for her [sic] decision." Pl. br. at p. 4.

Plaintiff also argues that the ALJ's finding under the Part B criteria that he only suffers mild restriction of activities of daily living and moderate difficulties in maintaining social functioning is not supported by substantial evidence. In support, Plaintiff cites his mother's testimony at the hearing that: 1) she manages his money; 2) he sometimes does not respond when addressed and will not do anything asked of him; and 3) (although the timeframe is not clear) he has acted violently and thought family members were trying to hurt him. Plaintiff also points out that, as noted in the Function Report he completed, he has few activities and no interests or hobbies other than watching television, and Plaintiff testified that he still experiences hallucinations and paranoia despite medication. This evidence, per Plaintiff, contradicts the ALJ's finding that he only suffers mild restriction of activities of daily living and moderate difficulties in maintaining social functioning.

Plaintiff requests that the Court vacate the ALJ's decision and direct the Defendant to find that he is disabled within the meaning of the Social Security Act and Regulations. Alternatively, Plaintiff asks the Court to remand the matter for a new hearing.

### b. Magistrate's Decision

The Magistrate acknowledged that the ALJ's analysis regarding the Part B and C

criteria was not extensive. But, the Magistrate found that the ALJ adequately identified the evidence he relied upon. The Magistrate also found that there is substantial evidence to support the ALJ's decision because state psychologist Dr. Linda Brundage determined that Plaintiff did not meet the B or C criteria, and there are no expert opinions to the contrary.

### c. Plaintiff's Objections

Plaintiff maintains that the ALJ did not adequately explain the basis for his decision that Plaintiff did not meet the requirements of Listing 12.03. And, Plaintiff asserts that the ALJ's finding that he only suffers mild restriction of activities of daily living and moderate difficulties in maintaining social functioning is not supported by substantial evidence because he disregarded the only reliable evidence in the record-- the testimony of Plaintiff's mother. Plaintiff has lived with his mother since his release from prison and Plaintiff contends his mother's testimony shows that he has far worse limitations of his daily activities, social functioning, and concentration, persistence or pace than the ALJ found. Further, Plaintiff asserts that the ALJ failed to address how his hallucinations could be consistent with the performance of work activity.

## V. ANALYSIS

The Court adopts the Magistrate's recommendation. As the Magistrate noted, although the ALJ's decision is not artfully drafted, the basis of his decision is adequately stated and supported by substantial evidence.

In support of his finding that Plaintiff did not meet the Part B criteria, the ALJ cited Dr. Brundage's evaluation in the Psychiatric Review Technique ("PRT") in which she found that Plaintiff only suffered from mild restriction of activities of daily living,

7

moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 14, 104). The ALJ apparently did not find the testimony of Plaintiff and his mother claiming more extensive limitations to be credible because he stated that "the intensity, persistence and functionally limiting effects of the symptoms alleged by the claimant are not fully consistent with the objective medical evidence and other evidence of record." (Tr. 14). To illustrate the point, the ALJ referred to Plaintiff's treatment notes on July 24, 2003, December 22, 2003, and July 12, 2004. On each day, Plaintiff reported that he was stable on medications and he had a global assessment of functioning ("GAF") between 55 and 60, which indicates moderate symptoms. (Tr. 113-116, 127-129, 147-149).

With respect to Plaintiff's daily activities, the ALJ found that Plaintiff's activities appear relatively normal; they include sitting on the porch watching cars go by, walking to the store, watching television, reading, napping and exercising. Further, the ALJ noted that no physician has directed claimant to limit his activities and that, according to the treatment notes, Plaintiff is stable with medication.

An ALJ's credibility determination is to be accorded great weight and deference. *Walters v Commissioner of Social Security,* 127 F.3d 525, 531 (6th Cir. 1997). And, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id*. Here, the medical records the ALJ relied upon constitute substantial evidence which supports his credibility finding. The ALJ's decision is further supported by Dr. Brundage's finding in the Mental Residual Functional Capacity Assessment ("MRFCA") that Plaintiff either is not significantly limited or is only moderately limited in: 1)

8

understanding and memory; 2) sustained concentration and persistence; 3) social interaction; and 4) adaptation. (Tr. 108-110). Dr. Brundage stated that, although Plaintiff may have moderate limitations in concentration and social interaction, he "retains the ability to do simple repetitive work on a sustained basis." *Id*.

To meet the Part C criteria, Plaintiff must show one of the following:

> 1. Repeated episodes of decompensation, each of extended duration; or
> 
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

Although the ALJ did not engage in extensive analysis on each of the Part C criteria, he cited Dr. Brundage's finding in the PRT that Plaintiff did not meet the requirements. The ALJ's decision is further supported by Dr. Brundage's findings in the MRFCA that Plaintiff is not markedly limited in sustained concentration and persistence, social interaction, or adaptation. Plaintiff does not cite any evidence, beyond his and his mother's testimony, which would support a contrary finding.

For the reasons already stated, there is substantial evidence to support the ALJ's finding that Plaintiff and his mother's testimony is not consistent with objective evidence, and that Plaintiff failed to meet the Part C criteria.

## V.    CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation. The Court **GRANTS**

Defendant's motion and **DENIES** Plaintiff's motion.

    **IT IS ORDERED.**

                                             /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: September 12, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 12, 2007.

s/Linda Vertriest
Deputy Clerk

---